Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000456
12-JUN-2019
07:58 AM

NO. CAAP-15-0000456

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
QUOC V. TRAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-14-04365)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Quoc V. Tran (**Tran**) appeals from
the Notice of Entry of Judgment and/or Order and Plea/Judgment
(**Judgment**) entered by the District Court of the First Circuit,
Honolulu Division (**District Court**)[1] on May 18, 2015.  Tran was
convicted of Operating a Vehicle Under the Influence of an
Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**)
§ 291E-61(a)(1) (Supp. 2013).[2]  For the reasons explained below,
we vacate the Judgment and remand for further proceedings
consistent with this order.

---

[1]     The Honorable David W. Lo presided.

[2]     HRS § 291E-61 provides, in pertinent part:

         (a)    A person commits the offense of operating a
    vehicle under the influence of an intoxicant if the person
    operates or assumes actual physical control of a vehicle:

         (1)    While under the influence of alcohol in an amount
                sufficient to impair the person's normal mental
                faculties or ability to care for the person and guard
                against casualty[.]

On September 30, 2014, Tran was charged by complaint with OVUII based on events that happened on September 14, 2014. He pleaded not guilty. On November 3, 2014, he filed requests for Brady[3] material. On January 26, 2015, he filed a number of pretrial motions. The motions were heard on May 18, 2015, and a trial was held immediately thereafter. He was found guilty as charged. This appeal followed.

Tran raises seven points of error:

**A.** Tran contends that the District Court erred by (1) conducting his trial on the same day his pretrial motions were heard and (2) denying him transcripts of the hearing on the pretrial motions. Hawai'i Rules of Penal Procedure **(HRPP)** Rule 12(e) (2007) states:

> Ruling on motion. A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; provided that a motion to suppress made before trial shall be determined before trial. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.

Tran cites State v. Thomas, 72 Haw. 48, 805 P.2d 1212 (1991) and State v. Rodgers, 70 Haw. 156, 766 P.2d 675 (1988). In Thomas the supreme court specifically found the record "to be unclear[,] and it is therefore difficult to determine whether HRPP Rule 12(e) was complied with." 72 Haw. at 54, 805 P.2d at 1214. In Rodgers the "trial judge lumped together the hearing on the motion to suppress and the trial[.]" 70 Haw. at 157, 766 P.2d at 675.[4] In this case the record is clear that the District Court denied Tran's motion to suppress after conducting an evidentiary

---

[3]    See Brady v. Maryland, 373 U.S. 83 (1963).

[4]    Footnote 32 in Tran's amended opening brief states that the Judgment should be reversed because the District Court "failed to articulate its reasoning, findings, [sic] for the denial of the motion[] to suppress[.]" We decline to address this issue because Tran's points of error fail to challenge the denial of the motion to suppress. Hawai'i Rules of Appellate Procedure **(HRAP)** Rule 28(b)(4) (2016).

hearing, gave Tran the <u>Tachibana</u>[5] advisory, called a five-minute recess (which lasted twelve minutes), and then started the trial. HRPP Rule 12(e) does not require that pretrial motions be heard on a different day than the trial. <u>State v. Rollison</u>, No. CAAP-14-0000765, 2015 WL 7575334, at *1 (Haw. App. Nov. 25, 2015) (SDO). There was no Rule 12(e) violation.

Tran also contends that the District Court denied him the right to obtain a transcript of the arresting officer's testimony given during the hearing on the motion to suppress to prepare for cross-examination of, and to impeach, the same officer at trial. He cites <u>State v. Scott</u>, 131 Hawai'i 333, 319 P.3d 252 (2013), without discussion. In <u>Scott</u>, Scott and his brother were separately indicted on multiple charges arising from the same fight. Scott's brother was convicted by a jury. Before Scott's own, separate trial, the State gave notice that it intended to introduce evidence that Scott was assisted by his brother in assaulting the victims. Scott moved to continue his trial to obtain transcripts of the complaining witnesses' testimony from his brother's trial. The trial court denied the motion. Scott was convicted. On appeal, the supreme court stated that "a codefendant's transcript [from a separate trial] is essential to the development of an effective defense in cases where the defendant and codefendant's charges arise from the same event and involve the same issues and witnesses." <u>Id.</u> at 341, 319 P.3d at 260 (cleaned up).[6]

In this case, Tran did not request a continuance of his trial to allow him to obtain a transcript of the hearing on his

---

[5] <u>Tachibana v. State</u>, 79 Hawai'i 226, 900 P.2d 1293 (1995).

[6] "Cleaned up" is a parenthetical designed to tell readers that extraneous material (e.g., internal brackets, ellipses, quotation marks, citations, footnote reference numbers, and changes in capitalization) has been removed from a quotation for readability, and that none of it matters for understanding the quotation or evaluating its weight. <u>See</u> Metzler, Jack, <u>Cleaning Up Quotations</u>, 18 J. App. Prac. & Process 143, 147, 154 (2017).

motion to suppress.[7] The same lawyer represented Tran during the hearing on the motion to suppress and during the trial the same day. Under those circumstances, the <u>Scott</u> court noted: "defense counsel would have been present during the defendant's prior trial proceedings and therefore would have been aware of the strategies employed by the State and any inconsistencies in the witness's statements." <u>Id.</u> at 341, 319 P.3d at 260. Only one witness (the arresting officer) testified during Tran's motion to suppress hearing, and the same witness was the State's only witness during the trial. Under these circumstances, including that Tran did not request a trial continuance, Tran has not established any error by the District Court.

**B.** Tran's contention that the District Court erred by denying his motion to dismiss based on the definition of "alcohol" in HRS § 291E-1 (2007) is without merit. <u>State v. Tsujimura</u>, 140 Hawai'i 299, 309, 400 P.3d 500, 510 (2017)

---

[7] During the hearing on Tran's motion to suppress, the following exchange took place:

THE COURT: All right. Any --

[PROSECUTOR]: And with regard to this hearing on the motion then, the State rests.

[DEFENSE COUNSEL]: Request transcripts -- well, ruling first, um, Your Honor.

THE COURT: All right. Based on the evidence presented by the State, motion -- the motion to suppress is hereby denied.

[PROSECUTOR]: Thank you, Your Honor.

THE COURT: All right. State may arraign the defendant at this time. He can remain seated if he wishes.

[DEFENSE COUNSEL]: Thank you.

THE COURT: Or unless defendant waives.

[DEFENSE COUNSEL]: We'll waive.

[PROSECUTOR]: Oh, okay.

The District Court then proceeded with the <u>Tachibana</u> dialogue, took a recess, and commenced the trial. Tran did not request a trial continuance to obtain transcripts of the suppression hearing.

(Holding that "even without the statutory definition of 'alcohol,' the complaint 'fully defines the offense in unmistakable terms,' is 'readily comprehensible to persons of common understanding,' and is, therefore, sufficient.") (citation omitted).

**C. and D.** These points of error underscore the deficiencies in Tran's opening brief and amended opening brief. Although not entirely clear, it appears to the court that point "C" challenges the District Court's denial of "Defendant's Motion to Compel Prosecution to Allow Exercise of HRPP Rules Including Inspection of General and Specific Brady Materials Without Cost[.]" Tran's citation to the transcript refers to a "motion to compel without cost." The State's answering brief, however, suggests the State understands point "C" to be directed at the District Court's denial of "Defendant's Motion to Dismiss for Brady Violation re Unconstitutional Condition," which actually appears to be the subject of Tran's point "D."

Both pretrial motions arose from Tran's request for production of what he characterized as Brady material. Tran claims he was informed that the State was ready to produce Brady material but, when his lawyer appeared for the production, the State told him he could see the material only after Tran paid for copying costs. Tran also contends that the State would charge him $0.50 for the first page and $0.25 for each page thereafter, even though he could scan the documents on the Public Defender's machine located at the Honolulu Prosecutor's office for only $0.10 per page. Tran did not take steps to ensure that the contested materials were included in the record on appeal.

The State argued that the material sought by Tran did not tend to negate Tran's guilt, and was therefore not subject to Brady. We have no basis upon which to determine whether the disputed information qualifies as Brady material. Nor does the record indicate whether that was the sole basis for the State's non-disclosure, or whether the State also refused to allow Tran to make his own determination of whether the disputed information

qualifies as <u>Brady</u> material by refusing to produce the "approximately 30 cases of discovery" because Tran refused to pay the State's copying costs.

The State agrees that Tran's motions raised factual issues and that the District Court denied Tran's motions without stating its essential findings on the record in accordance with HRPP Rule 12(e) ("Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."). Accordingly, we vacate the District Court's oral orders and remand to the District Court for a determination of whether Tran is entitled to disclosure of any challenged material under <u>Brady</u> and, if so, whether the State incorrectly conditioned disclosure upon Tran's payment of copying costs. <u>Rollison</u>, 2015 WL 7575334 at *2-3.

**E.** Tran contends that the District Court erred by denying his motion to compel production of what he refers to as "Henthorn and Giglio material." The State was able to decipher this to be referring to "Defendant's Motion to Compel Specific Brady Material — Background Checks." Tran requested production of the personnel files of the police officers who would testify at his trial. The District Court orally denied the motion.

In <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), the court of appeals recited "the procedure the prosecution must follow when confronted with a request by a defendant for the personnel files of testifying officers." <u>Id.</u> at 30 (citation omitted). "The government must disclose information favorable to the defense that meets the appropriate standard of materiality [i.e., whether the suppressed evidence creates a reasonable doubt that did not otherwise exist]. If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation." <u>Id.</u> at 30-31 (cleaned up). The State agrees that the disposition of Tran's motion required factual determinations that the District Court did not state on the record. Accordingly, we vacate the District

6

Court's oral order and remand for the District Court to determine whether Tran is entitled to disclosure of any challenged material under Henthorn. Rollison, 2015 WL 7575334 at *2-3.

**F.** Tran contends that the District Court erred by denying his "motion to compel SFST training materials[.]" Tran's statement of points does not identify where in the record on appeal the motion is located. Tran's argument cites to the District Court's oral order denying Tran's motion to compel Toyomura material, but does not identify where in the record on appeal the Toyomura motion is located. We are not obligated to search the record for information that should have been provided by Tran. Hawaii Ventures v. Otaka, Inc., 114 Hawai'i 438, 480, 164 P.3d 696, 738 (2007) (citing Lanai Co. v. Land Use Comm'n, 105 Hawai'i 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) and Miyamoto v. Lum, 104 Hawai'i 1, 11 n.14, 84 P.3d 509, 519 n.14 (2004)).

The State "guesses that Tran is referring to his Motion to Compel Toyomura Records." That motion did seek discovery of the arresting officer's NHTSA SFST training, citing State v. Toyomura, 80 Hawai'i 8, 904 P.2d 893 (1995), in which the supreme court held that "a police officer may not testify, without proper foundation, about [the officer's] opinion about whether a DUI defendant is intoxicated based on FSTs." Id. at 26, 904 P.2d at 911 (cleaned up). The State contends that if its guess is correct, the disposition of the motion required factual determinations that the District Court did not state on the record. The State's guess appears to be correct; accordingly, we vacate the District Court's oral order and remand for the District Court to determine whether Tran is entitled to disclosure of any SFST training material. Rollison, 2015 WL 7575334 at *2-3.

**G.** Tran's final point of error argues that the District Court allowed the arresting officer to testify despite the State's improper attempts to refresh his recollection. We apply the "right/wrong" standard in determining the correctness

7

of a ruling regarding the admissibility of testimony under Hawaii Rules of Evidence (**HRE**) Rule 612 (1993). State v. Wakamoto, 143 Hawai'i 443, 450, 431 P.3d 816, 823 (2018). "[A]fter reviewing a writing while testifying, testimony of the witness laying a foundation that the witness's memory has actually been refreshed after reviewing the writing is required before the witness's testimony can be admitted under HRE Rule 612." Id. at 452, 431 P.3d at 825. In this case, in each instance where the arresting officer read his report to refresh his recollection, the prosecutor failed to ask the officer whether his recollection had been refreshed before soliciting the officer's response to the outstanding question. But Tran's attorney did not object and never moved to strike the officer's testimony. Tran's objections were waived. State v. Vliet, 91 Hawai'i 288, 298-99, 983 P.2d 189, 199-200 (1999) (noting that HRE Rule 103(a)(1) (2013) requires a specific objection or motion to strike and a "complete failure to object will waive the point").

For the foregoing reasons, we vacate the Judgment and remand for further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, June 12, 2019.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge